UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

SAJUSTE CAPITA,

       Plaintiff,

v.

**JURY TRIAL DEMANDED**

TROPICS PIANO BAR & RESTAURANT, LLC, a Florida limited liability company, KAHN ENTERPRISES, LLC, a Florida limited liability company, JACKSON L. PADGETT, GARY W. HILLIS, MARK A. TAYLOR and ALEX W. MEYER,

       Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, SAJUSTE CAPITA, ("CAPITA"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, TROPICS PIANO BAR & RESTAURANT, LLC, a Florida limited liability company, (hereinafter "TROPICS PIANO BAR"), KAHN ENTERPRISES, LLC, a Florida limited liability company, (hereinafter "KAHN ENTERPRISES"), JACKSON L. PADGETT, (hereinafter "PADGETT"), GARY W. HILLIS, (hereinafter "HILLIS"), MARK A. TAYLOR, (hereinafter "TAYLOR"), and ALEX W. MEYER, (hereinafter MEYER"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, TROPICS PIANO BAR and KAHN ENTERPRISES were enterprises engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, TROPICS PIANO BAR, KAHN ENTERPRISES, PADGETT, HILLIS, TAYLOR and MEYER operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

    and,

  b.  Defendants were and continue to be companies and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, CAPITA was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendants, TROPICS PIANO BAR and KAHN ENTERPRISES, were conducting business in Wilton Manors, Broward County, Florida, with their principal place of business in that city.

10. At all times material hereto, Defendants, TROPICS PIANO BAR, KAHN ENTERPRISES, PADGETT, HILLIS and MEYER were the employers of Plaintiff, CAPITA.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, CAPITA his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, TROPICS PIANO BAR and KAHN ENTERPRISES were "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, CAPITA was directly essential to the businesses performed by Defendants.

16. Plaintiff, CAPITA has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. In or about 2002, Plaintiff, CAPITA was hired by the Defendants as a cook at the Defendants' restaurant. His employment ended on or about December 2, 2016.

18. Plaintiff, CAPITA was paid an hourly wage of $15.00 per hour, which was increased to $17.50 per hour, which increased to $18.50 per hour and finally he was paid a weekly salary of $925.00 per week.

19. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

20. Defendants, PADGETT, HILLIS, TAYLOR and MEYER were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

21. Defendants, PADGETT, HILLIS, TAYLOR and MEYER were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, CAPITA

22. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, CAPITA repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff, CAPITA's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, CAPITA was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, CAPITA intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, CAPITA at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due. In addition, they misclassified him as an "exempt" employee although his duties were those of a "non-exempt" employee.

28. Defendants failed to properly disclose or apprise Plaintiff, CAPITA of his rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, CAPITA is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful actions of the Defendants, Plaintiff, CAPITA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CAPITA respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: December 21, 2016.

                                              Respectfully submitted,

                                              BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober
     PETER BOBER
     FBN: 0122955
     SAMARA BOBER
     FBN: 0156248